UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-242** |
| **GARLAND GUILLORY** | **SECTION: "S"** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255** (Rec. Doc. 229) is **DENIED**.

BACKGROUND

Garland Guillory pleaded guilty on December 2, 2019 to a one-count superseding bill of information charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846. Prior to sentencing, Guillory was designated a career offender pursuant to United States Sentencing Guideline ("U.S.S.G.") §4B1.1(a), because the instant offense (conspiracy) was a felony involving a controlled substance, and Guillory had at least two prior felony convictions for controlled substance offenses.[1] As a result, Guillory's total offense level was 31 with a guidelines range of 188-235 months. At sentencing, the court denied Guillory's motion for a downward variance

---

[1] Guillory's predicate convictions include a February 12, 1999 state court conviction for possession with intent to distribute marijuana, a June 6, 2000 state court conviction for possession with intent to distribute cocaine, and a September 14, 2012 state court conviction for possession with intent to distribute cocaine.

from the career offender guideline, and sentenced him to 188 months, the bottom of the career offender guidelines range. Guillory filed a timely notice of appeal.

On appeal, Guillory challenged the application of the career offender guideline in his case, arguing that his drug conspiracy was not a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Guillory's appellate counsel filed a motion for summary affirmance instead of a full appeal "because his sole challenge to his judgement is currently foreclosed by this Court's precedent and thus is raised…only to preserve it for further review."[2] The motion for summary affirmance was granted on June 21, 2021, and on February 24, 2022 the United States Supreme Court denied certiorari. On February 20, 2023, Guillory delivered his 28 U.S.C. § 2255 motion to prison officials for mailing. A pro se prisoner's pleading is considered filed when it is placed in the prison mailing system. United States v. Duran, 934 F.3d 407, 412 (5th Cir. 2019) (citations omitted).The motion was thus filed within one-year limitations period and is therefore timely. See 28 U.S.C. § 2255(f).  In the instant 2255 motion, Guillory argues that his conviction is invalid because he received ineffective assistance of counsel. The government opposes the motion.

## APPLICABLE LAW

*Legal Standards*

Pursuant to section 2255, a prisoner in custody under a federal court sentence may seek relief on four bases: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence

---

[2] See Fifth Circuit Case 21-30050, Doc. No. 43, p. 1.

was in excess of the maximum authorized by law; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the district court determines that a petitioner is entitled to relief under section 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Relief under section 2255 " 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' " United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

In considering a section 2255 petition, the court, after reviewing the full record, must determine whether an evidentiary hearing is necessary. Rules Governing Section 2255 Proceedings, Rule 8. Courts are required to hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). An evidentiary hearing is not required if the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)). The petitioner bears the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980).

*Ineffective Assistance of Counsel*

Guillory contends that his constitutional rights were denied due to ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a petitioner must show:

3

(1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A claim of ineffective assistance of counsel is defeated if the petitioner fails to establish either deficient performance or resulting prejudice. United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 2000). Deficient performance by counsel is established by showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. In applying this standard, the "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 02 (2002) (quoting Strickland, 466 U.S. at 689). The "objective standard of reasonableness" requires "that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." United States v. Conley, 349 F.3d 837, 841 (5th Cir. 2003) (quotations omitted). However, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002) (quotations omitted). Thus, "[i]nformed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed." Id. (quotations omitted).

To demonstrate prejudice caused by counsel's allegedly deficient performance, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

There is no reason for a court to address both the performance and the prejudice components if the defendant makes an insufficient showing on one. See id. at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. If it is easier to dispose of the claim because of a lack of sufficient prejudice, that course should be followed. Id.

## ANALYSIS

Guillory argues that his counsel was ineffective in two particulars. First, he claims that counsel failed to research and argue that his career offender enhancement was improper because a conspiracy conviction under 21 U.S.C. § 846 does not qualify as a "controlled substance offense" as defined by U.S.S.G. § 4B1.2 for purposes of the career offender designation in U.S.S.G. § 4B.1.1(a). Second, he claims that counsel failed to argue that his prior state convictions under Louisiana Revised Statute 40:967(A) do not qualify as a predicate "controlled substance offenses" pursuant to U.S.S.G. § 4B1.2.

United States Sentencing Guideline § 4B1.1(a) designates a defendant as a career offender if, inter alia, the federal crime of conviction is a felony that is either a crime of violence or a controlled substance offense, and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "controlled substance offense" is one that is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Application

5

Notes further provide that a "controlled substance offense" "include[s] the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." Id. § 4B1.2 cmt. n.1 (emphasis added).

*Argument regarding 21 U.S.C. § 846 conspiracy conviction*

Guillory was convicted pursuant to 12 U.S.C. § 846 of conspiring to violate federal drug laws. In his 2255, Guillory argues that his counsel was ineffective in failing to research and argue that his inchoate conspiracy conviction did not qualify as a controlled substances offense for purposes of the U.S.S.G. 4.1 enhancement, and by moving for a summary affirmance of his conviction. In so arguing, he points to the Fifth Circuit's ruling in United States v. Vargas, 45 F.4th 1083 (5th Cir. 2022), which granted rehearing en banc and vacated United States v. Vargas, 35 F.4th 936 (5th Cir. 2022) ("Vargas I"). Vargas I relied on United States v. Lightbourn, 115 F.3d 291 (5th Cir. 1997), which held that U.S.S.G. § 4B1.1's career-offender enhancement lawfully includes inchoate offenses, and further held that Lightbourn could not be overruled "absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our en banc court." 35 F. 4th at 938 (citing United States v. Petras, 879 F.3d 155, 164 (5th Cir. 2018)). Guillory argues that the Fifth Circuit's potential rejection of Lightbourn[3] means that his attorney should have argued that his conspiracy conviction was not a controlled substances offense.

The record does not support Guillory's argument. At the time of Guillory's sentencing on

---

[3] The Fifth Circuit subsequently recently held oral arguments en banc, and a decision is pending. Fifth Circuit Court of Appeals, Docket No. 21-20140, Rec. Doc. 163 (1/24/23).

January 21, 2021, the challenged issue – whether an inchoate conspiracy offense qualifies as a controlled substances offense for enhancement purposses – was definitively foreclosed by Fifth Circuit precedent in <u>Lightbourn</u>, and the vacatur of <u>Vargas I</u> did not occur for another two years. His counsel cannot be considered ineffective for failing to make a foreclosed argument based upon a case that had not been decided. In addition, the appellate record reflects that Guillory's appellate counsel moved for summary affirmance precisely to preserve the issue for further future review. Fifth Circuit Court of Appeals Case No. 21-30050, Rec. Doc. 43. This performance did not fall below an objective standard of reasonableness. To the contrary, it was eminently reasonable under the circumstances. Guillory's motion to vacate his conviction based on this argument is without merit.

***Argument regarding alleged overbreadth of La. Rev. Stat. 40:967(A)***

Guillory also contends that his prior convictions under Louisiana Revised Statute 40:967(A) for possession with intent to distribute cocaine and marijuana do not qualify as "controlled substance offenses" within the meaning of § 4B1.2, because the Louisiana law is overbroad, criminalizing more conduct than the Sentencing Guidelines. Louisiana Revised Statute 40:967(A) makes it unlawful for anyone to "... knowingly or intentionally ... produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense ..." marijuana or cocaine. LA. REV. STAT. 40:967(A)(1). Under U.S.S.G. 4B1.2(b), a "controlled substance offense" is a felony "... that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture,

import, export, distribute, or dispense." Guillory claims that the Louisiana statute is broader than the Guidelines definition because in describing a controlled substance offense the Guidelines definition uses the term "prohibit" (which is not included in the Louisiana law) and does not include the term "produce" (which is included in the Louisiana law).

Fifth Circuit precedent precludes this argument. The Fifth Circuit has previously held that "possession with intent to distribute cocaine under § 40.967(A)" is "sufficiently narrow to fall within the scope of the elements in the 'generic crime,' § 841(a)." United States v. Frierson, 981 F.3d 314, 318 (5th Cir. 2020). The Fifth Circuit has likewise held that an offense under § 841(a) satisfies the definition of a "controlled substance offense" as defined by U.S.S.G. § 4B1.2(b). Id. Therefore, Guillory's "prior offense under La. R.S. § 40:967(A)(1) necessarily falls within § 4B1.2(b)'s definition as well", and "supports the application of the career offender sentence enhancement under U.S.S.G. § 4B1.1." The court properly applied the enhancement under the facts of Guillory's case. See United States v. Mack, 2021 WL 2521349 (5th Cir. June 18, 2021), cert. denied, 142 S. Ct. 1134 (2022). Accordingly, a motion challenging the enhancement would have been meritless, and "[c]ounsel is not required by the Sixth Amendment to file meritless motions." United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). Guillory has failed to establish ineffective assistance on this basis.

Finally, the court notes that the motion and the files and records of Guillory's case conclusively show that he is not entitled to relief. See 28 U.S.C. § 2255(b). An evidentiary hearing is therefore unnecessary in this case.

**IT IS HEREBY ORDERED** that the **Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255** (Rec. Doc. 229) is **DENIED**.

New Orleans, Louisiana, this __12th__ day of May, 2023.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**
